**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:06-cr-00181

ANTONIO DEALOW MCINTOSH,

          Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

      Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration.

      The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, the addendum to the PSR from the Probation Office and materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2) and public safety.

At sentencing, the Court attributed to Defendant a total of forty-seven (47) grams of cocaine base, which resulted in a base offense level of 30.  He received a two-level increase because a firearm was present during the offense conduct and a three-level reduction for acceptance of responsibility.  His criminal history category was IV.  No other enhancements or reductions were applied.  His original guideline range was one hundred twenty-one to one hundred fifty-one (121-151) months and he was sentenced to a term of one hundred twenty-one (121) months of imprisonment.  On January 9, 2009, as a result of the 2007 United States Sentencing Guideline amendment, Defendant's base offense level was reduced by two levels, resulting in a new total offense level of 27.  His corresponding guideline range became one hundred to one hundred twenty-five (100 to 125)  months.  His previous sentence was reduced to one hundred (100) months, with credit for time served.

During the entirety of his period of incarceration, the Court observes that Defendant has not received any disciplinary infractions.  He has obtained his GED, completed the inmate financial responsibility program requirements and has complied with the DNA collection program.  Defendant, through counsel, represents that he also completed preparatory courses in order to obtain his commercial driver's license.  By its written and filed response, the United States does not object to the reduction ordered herein.

Based on the foregoing considerations, the Court does hereby **ORDER** that Defendant's letter-form motion (Document 81) be **GRANTED IN PART AND DENIED IN PART**.  The Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 25.  Given this total offense level and his criminal history category of IV, Defendant's resulting advisory guideline range is eighty-four to one hundred five (84-105) months.

It is further **ORDERED** that Defendant's previous sentence be reduced to a period of eighty-four (84) months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). To the extent that Defendant, in his *pro se* letter form motion, sought a reduction to a "term of [imprisonment] of 60 months[,]" the Court **ORDERS** that the motion be **DENIED**.[1]

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: January 3, 2012

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] The Court notes that Defendant, through counsel, later requested "that his sentence be reduced to 84 months, the bottom of the revised Guideline range." (*See* Memorandum of Defendant (Document No. 85) at 2.)